Mr. A. Glenn Vasser, Attorney at Law McKenzie, McRae, Vasser Barber 122 East Second Street Post Office Box 599 Prescott, AR 71856-0599
Dear Mr. Vasser:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., of a document captioned "Interlocal Cooperation Agreement," which is an interlocal agreement between the City of Prescott and Nevada County pursuant to which, upon my approval, the parties will cooperate in the construction and maintenance of a health and fitness track in Prescott. More specifically, the city proposes to devote to the construction of the trail an Arkansas Recreational Trails Grant in the amount of $43,918.00 received through the Arkansas State Highway and Transportation Department. The city will further provide a "cash match" for construction, continuing maintenance after construction is complete and various unspecified "in kind" services. The agreement does not specify the source of the referenced "cash match" or ongoing maintenance expenses. The county will provide the property for the trail and various unspecified "in kind" services, subject to the condition that county residents may use the trail.
You are seeking approval of this agreement pursuant to A.C.A. §25-20-104(f), which provides that I must review and approve any interlocal agreement to undertake a joint enterprise between or among "public agencies" before the agreement can take effect.
I am struck by the liberality of the legislature's statement of purpose in the Interlocal Cooperation Act:
 It is the purpose of this chapter to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities.
A.C.A. § 25-20-102. In my opinion, this statute reflects an intention to expedite precisely the sort of agreement at issue in your request, whereby a city and a county can cooperate in developing a facility that will serve the residents of both.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property, if any, upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property, if any, used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
As noted above, I believe the project described in your agreement clearly falls within the range of those contemplated by the legislature in enacting the Interlocal Cooperation Act. However, one provision of your agreement does not appear to accord with the requirements itemized above. Your agreement is confusing with respect to the financing of the proposed project. As reflected in my summary above, the city has apparently pledged, presumably from general revenues, to match a Recreational Trails Grant in order to construct the trail, and it has further pledged subsequently to maintain the trail, again presumably from general revenues. In my opinion, such funding is in all respects consistent with the provisions of the Interlocal Cooperation Act. However, the agreement recites as the authority for funding the trail not only the Interlocal Cooperation Act, but also A.C.A § 14-165-202 (Repl. 1998), which provides in pertinent part:
 (a) Two (2) or more counties, or two (2) or more municipalities, whether or not in the same county, or one (1) or more counties and one (1) or more municipalities are authorized and empowered to join together in a compact for the purpose of engaging in joint efforts to secure and develop industry of mutual benefit to the parties to the compact and to finance it by each party to the compact issuing bonds under the provisions of Arkansas Constitution, Amendment 49
[repealed].
Amendment 49, which authorized the issuance of industrial development bonds, was repealed at least in part by Amendment 62, which authorized the issuance of local capital improvement bonds. See A.C.R.C. Note to A.C.A § 14-165-204 ("It is questionable whether Ark. Const. Amned. [sic] 49 is repealed in whole or whether only those provisions that conflict with Ark. Const. Amend. 62 are repealed by Ark. Const. Amend. 62."). In light of this fact, some question exists whether the issuance of bonds pursuant to an industrial development compact under title 14, chapter 165 of the Code is even still available. Regardless of whether it is or is not, the interlocal agreement you have submitted for my approval does not appear to envision any bond financing of the project, which in any case does not qualify as industrial development of the sort that chapter 165 was intended to promote. See A.C.A § 14-1-65-201 ("This chapter is intended to supplement all existing constitutional provisions and legislation designed to secure and develop industry and shall be liberally construed to accomplish its purposes."). Your reference to A.C.A § 14-165-202 is consequently confusing, invoking a chapter of the Code that anticipates a type of project and a mode of financing other than the ones set forth in your interlocal agreement. I regret to say that I must withhold my approval of the agreement until this confusion is resolved. I will note that in all other respects your submissions accords with the statutory formalities. I should be able to perform my duties swiftly upon resubmission.
Finally, I note that you have asked me to sign the contract to signify my approval thereof. The Interlocal Cooperation Act does not provide for the Attorney General to become a signatory to contracts approved pursuant to the Act. See, e.g., Ark. Ops. Att'y Gen. Nos. 2003-040; 2002-284; and 2001-175. Consequently, you should not provide for my signature on any resubmitted agreement. My formal opinion is sufficient to signify the Attorney General's required approval.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh